# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   CV 21-00504 CAS (PVC) | Date:  February 8, 2021 |
| Title   Victor Sterling v. State of California | |

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:**  [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED FOR LACK OF JURISDICTION, OR, ALTERNATIVELY, BECAUSE THE PETITION'S CLAIMS ARE UNTIMELY AND UNEXHAUSTED

On January 12, 2021, Petitioner Victor Sterling, a Texas resident proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2254.  ("Petition," Dkt. No. 1).  The Petition challenges Petitioner's conviction in the Los Angeles County Superior Court on September 23, 1983 for possession of phencyclidine for purpose of sale, for which Petitioner received a three-year sentence.  (*Id.* at 2).

Petitioner appealed his conviction on direct review to the California Court of Appeal, which affirmed the judgment in a reasoned decision on March 6, 1986.  (*Id.* at 5, 17-21).  According to the Petition, Petitioner did not seek review in the California Supreme Court.  (*Id.* at 5).  The instant federal Petition asserts that Petitioner is entitled to habeas relief because trial counsel rendered ineffective assistance, (*id.* at 7-10), the trial court failed to suppress evidence obtained during a warrantless search, (*id.* at 11-13), and, potentially, the evidence was insufficient to support a conviction.  (*Id.* at 13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-00504 CAS (PVC)                                         Date:  February 8, 2021

Title   Victor Sterling v. State of California

For the reasons stated below, Petitioner is **ORDERED TO SHOW CAUSE**, within **twenty-one days** of the date of this Order, why this action should not be dismissed for lack of jurisdiction because Petitioner is not "in custody" pursuant to the conviction being challenged in the Petition, or, alternatively, because Petitioner's claims are untimely and unexhausted.

  **A.**  **Petitioner Does Not Appear To Be "In Custody" Pursuant to the Conviction Being Challenged in the Petition**

Pursuant to 28 U.S.C. §2254(a), a federal court "shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the Judgment of a State Court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." *Id.* (emphasis added).  Thus, "[f]or a federal court to have jurisdiction over a habeas petition filed by a state prisoner, the petitioner must be 'in custody.'" *Zichko v. Idaho*, 247 F.3d 1015, 1019 (9th Cir. 2001).  Specifically, a habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The "in custody" requirement is jurisdictional, and "therefore it is the first question [the Court] must consider." *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) (internal quotation marks omitted).  As with other jurisdictional prerequisites, this Court must raise the issue of custody *sua sponte*.  *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013) ("[C]ourts are obligated to consider sua sponte requirements that go to the subject-matter jurisdiction.") (internal quotation marks and brackets omitted).

To satisfy the "in custody" requirement, "[t]he petitioner must be in custody at the time that the petition is filed . . . ." *Bailey*, 599 F.3d at 979 (internal quotation marks and citations omitted).  A petitioner is "in custody" when he "is subject to a significant restraint upon his liberty not shared by the public generally." *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-00504 CAS (PVC)                    Date:  February 8, 2021

Title   Victor Sterling v. State of California

"[T]he boundary that limits the 'in custody' requirement is the line between a 'restraint on liberty' and a 'collateral consequence of a conviction.'"  *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998). The custody requirement does not require that a prisoner be physically confined, *Maleng*, 490 U.S. at 491, but does require a "severe restraint" on the petitioner's liberty.  *Bailey*, 599 F.3d at 980.

It is well established that "once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.  For example, the Ninth Circuit has determined that challenges to sex offender registration requirements do not sound in habeas because registration does not create a "present restraint on liberty" and the "collateral consequence" of registration is "regulatory not punitive," without the "the discernible impediment to movement that typically satisfies the 'in custody' requirement."  *Williamson*, 151 F.3d at 1184.

Petitioner was sentenced in September 1983 to a three-year determinate term for the conviction being challenged in the Petition.  Petitioner's address of record suggests that he is currently a Texas resident.  Regardless of his current status, it appears indisputable that Petitioner is not presently in the custody of the California Department of Corrections and Rehabilitation serving his three-year term imposed in September 1983, which presumably expired at the very latest in September 1986.  As such, it does not appear that Petitioner can satisfy the threshold "in custody" requirement for habeas relief under 28 U.S.C. §2254(a).

In responding to this Order to Show Cause, Petitioner must submit a declaration, under oath, (1) establishing that he is in fact "in custody" pursuant to the conviction being challenged in the Petition, or (2) informing the Court of any facts showing that he is under a present restraint on his liberty as a result of that conviction that qualifies as constructive custody for purposes of 28 U.S.C. §2254(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-00504 CAS (PVC)   Date:  February 8, 2021

Title   Victor Sterling v. State of California

**B.   The Petition's Claims Appear to Be Untimely**

Even if Petitioner could establish that he is "in custody" pursuant to his 1983 conviction, it appears that the Petition would still be subject to dismissal because it is untimely.  This case is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus."  *Wall v. Kholi*, 562 U.S. 545, 550 (2011); 28 U.S.C. § 2244(d)(1).  Specifically, state prisoners must file their habeas petitions within one year of the latest of the following dates:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 21-00504 CAS (PVC)                             Date:  February 8, 2021

Title      Victor Sterling v. State of California

     In most cases, as here, the triggering date for the statute of limitations is that set forth in § 2244(d)(1)(A), which provides a petitioner one year from the date that his conviction becomes final to file a federal habeas petition.[1]  A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

---

[1] Petitioner claims that he has "new evidence" in the form of a witness statement by Etrick Newsome, who was a passenger in his car on the night of his arrest. (Petition at 6). However, the purported Affidavit of Etrick Newsome attached to the Petition has no evidentiary value because it is unsigned, undated, and unsworn. (*See id.* at 16).

Furthermore, where a habeas petitioner seeks to challenge a "conviction based on newly discovered evidence, the limitations period begins to run when the prisoner could have discovered the new evidence through the exercise of due diligence." *Redd v. McGrath*, 343 F.3d 1077, 1083 (9th Cir. 2003); *see also* § 2244(d)(1)(D). Here, the declaration merely describes what Newsome saw Petitioner do *while he was in Petitioner's car* on the night of the arrest -- *i.e.*, speed up and attempt to evade the police. Petitioner, with the exercise of any diligence at all, could have obtained this evidence long before his conviction, as it was obvious that Newsome was an eyewitness to the events and Newsome considers Petitioner "a brother and a good friend." (Petition at 16).

Finally, "[n]ewly discovered evidence is a ground for habeas relief only when it bears on the constitutionality of an appellant's conviction and would probably produce an acquittal." *Spivey v. Rocha*, 194 F.3d 971, 979 (9th Cir. 1999); *see also Jeffries v. Blodgett*, 5 F.3d 1180, 1187-88 (9th Cir. 1993) ("The mere existence of newly discovered evidence relevant to guilt is not grounds for federal habeas relief -- more is needed. [Petitioner] must show that the newly discovered evidence would probably have resulted in his acquittal.") (internal citations omitted).  Newsome's description of Petitioner's effort to outrun the police is incriminating, and his bald assertion that whoever the drugs found in Petitioner's car belonged to, it was not Petitioner, lacks credibility in light of Newsome's purportedly close relationship with Petitioner.  It is not reasonably probable that Newsome's statements, even if properly sworn, would have resulted in an acquittal. Accordingly, the statute of limitations under § 2244(d)(1)(D) for newly discovered evidence does not appear to apply here.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-00504 CAS (PVC)                    Date:  February 8, 2021

Title      Victor Sterling v. State of California

      The California Court of Appeal affirmed Petitioner's conviction on March 6, 1986.  (*See* Petition at 17).   Petitioner states that he did not seek a petition for review in the California Supreme Court at that time.  As such, his conviction became final forty days after the Court of Appeal issued its decision, on April 15, 1986.  *See Gonzalez v. Thaler*, 565 U.S.  134, 154 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."); Cal. R. Ct. 8.264(b)(1), 8.500(e)(1) (providing that a Court of Appeal decision becomes final "in that court" 30 days after it is issued and requiring that any petition for review with the California Supreme Court be filed within 10 additional days).  Thus, absent tolling, the limitations period began to run the next day and expired one year later, on **April 15, 1987.**  The instant Petition was not filed until January 12, 2021.  Therefore, absent tolling, it is untimely by approximately **<u>33 years and 9 months</u>**.

      AEDPA provides a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).  The time between the date a conviction becomes final and the date a petitioner files his first state habeas petition is not subject to statutory tolling.  *See Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).  However, AEDPA's statutory tolling provision applies to "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Harris v. Carter*, 515 F.3d 1051, 1053 n.3 (9th Cir. 2008).  "Applying these principles to California's post-conviction procedure . . . the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."  *Id.; see also Carey v. Saffold*, 536 U.S. 214, 217-23 (2002) (under California's "original writ" system, an application for state collateral review is "pending" in the state courts so as to toll the federal statute of limitations during the interval

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-00504 CAS (PVC)                         Date:  February 8, 2021

Title       Victor Sterling v. State of California

between a lower court's decision and the filing of a further original state habeas petition in a higher court).

The United States Supreme Court has clarified this standard, holding that a petition is "pending" between the time the lower state court reached an adverse decision and the day the petitioner filed a petition in a higher state court only if the subsequent petition was filed within a "reasonable time." *Id.* When a state habeas petition is untimely, it is not properly filed and AEDPA's statute of limitations will not toll. *Pace*, 544 U.S. at 417. Moreover, if a petition is untimely, then "none of the time before or during the court's consideration of that petition is statutorily tolled." *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). In *Evans v. Chavis*, 546 U.S. 189 (2006), the Supreme Court held that, in the absence of a ruling on timeliness from a California state court, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" *Id.* at 198 (also noting that a federal court cannot presume that a state petition was timely simply because a state court considered the petition on the merits).

The Petition does not reflect that Petitioner ever filed a state habeas petition. Indeed, the only post-conviction state court filing that Petitioner appears to have pursued was his direct appeal in the California Court of Appeal. However, in the event that Petitioner contends that he did at some point file a state habeas petition in the more than 33 years that passed between the expiration of the AEDPA limitations period on April 15, 1987 and the filing of the instant federal Petition on January 12, 2021, Petitioner is advised that a state habeas petition filed after the expiration of the one-year AEDPA limitations period does not reset the limitations clock. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state [habeas] petition was filed."); *Roberts v. Marshall*, 627 F.3d 768, 771 n.4 (9th Cir. 2010) ("subsequent state petitions" filed after expiration of the AEDPA limitations period do not entitle petitioner "to any additional tolling"); *Meadows v. Biter*, 980 F. Supp. 2d 1148, 1151 (C.D. Cal. 2013) (the filing of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-00504 CAS (PVC)                             Date:  February 8, 2021

Title   Victor Sterling v. State of California

state petition after the AEDPA limitations period expired "cannot revive [the] statute of limitations and has no tolling effect") (citing *Ferguson*, 321 F.3d at 823).

Based on the information presented in the Petition, it does not appear that Petitioner is entitled to statutory tolling of the limitations period.  If Petitioner wishes to avoid dismissal on timeliness grounds, his response to this order should identify any errors in the foregoing analysis and provide any additional facts that would permit him to demonstrate that he is entitled to statutory tolling.  *See Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").  For every state court filing not mentioned in this order that Petitioner contends warrants statutory tolling, Petitioner should indicate the nature of the filing (petition for review or habeas petition), the court in which it was filed, and, to the extent possible, the case number, the date on which the petition was filed, and the date on which the petition was denied.

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (quoting *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)).  "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (brackets in original; citation omitted); *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010).

The Petition does not expressly seek equitable tolling or disclose any grounds warranting it.  Petitioner is advised that he bears the burden of proof of demonstrating that equitable tolling is warranted here.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | CV 21-00504 CAS (PVC) | Date: February 8, 2021 |
| Title | Victor Sterling v. State of California | |

Cir. 2002) (habeas petitioners have the burden of proving an entitlement to equitable tolling); *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015) (a habeas petitioner "bears a heavy burden to show that she is entitled to equitable tolling"). If, for example, Petitioner contends that he is entitled to equitable tolling, he must show that he diligently sought to pursue his claims after the AEDPA statute of limitations expired on April 15, 1987 but was prevented from doing so for the next 33 years and 9 months by circumstances beyond his control. *See Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence[.]'") (internal citations omitted). Petitioner must also identify the period or amount of time he contends that the statute of limitations should be equitably tolled.

### C.     The Petition's Claims Appear to Be Unexhausted

Even if Petitioner could establish that he is "in custody" pursuant to his 1983 conviction and that the Petition is timely, it appears that the Petition would still be subject to dismissal because all of the claims are unexhausted. A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *see also O'Sullivan*, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim). The petitioner must present his claims to the highest state court with jurisdiction to consider them -- in this case, the California Supreme Court -- or demonstrate that no state remedy remains available. *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

A district court may, in its discretion, stay a completely unexhausted habeas petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). *See Mena v. Long*, 813 F.3d 907, 912 (2016). Under *Rhines*, a stay may issue when: (1) the petitioner demonstrates

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | CV 21-00504 CAS (PVC) | Date: February 8, 2021 |
| Title | Victor Sterling v. State of California | |

good cause for having failed to first exhaust the claims in state court; (2) the claim or claims at issue are not plainly meritless; and (3) petitioner has not been dilatory in pursuing the litigation. *Rhines*, 544 U.S. at 277-78.

According to the Petition, it does not appear that Petitioner ever presented his claims to the California Supreme Court, either in a petition for review on direct appeal or in a subsequent habeas petition. If Petitioner wishes to avoid dismissal on exhaustion grounds, he must establish that he presented the instant claims to the California Supreme Court or demonstrate that no state remedy remains available. Alternatively, if Petitioner admits that none of his claims is exhausted, he may attempt to seek a stay under *Rhines*, but only if he can demonstrate good cause for having failed to exhaust his claims, diligence in his efforts to exhaust, and the potential merit of his claims. Petitioner is advised that if he is unable to establish that he is "in custody" pursuant to his 1983 conviction *and* that his claims are timely, it will be futile to request a *Rhines* stay to exhaust his claims, as all three requirements -- custody, timeliness, and exhaustion -- must be satisfied before this Court may address the merits of his habeas claims.

### D. Order to Show Cause

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE,** within **twenty-one (21) days** of the date of this Order, why this action should not be dismissed for lack of jurisdiction because Petitioner is not "in custody" pursuant to the conviction being challenged, or, alternatively, because the Petition's claims are untimely and unexhausted. After the Court receives a response to the OSC, the Court will prepare a Report and Recommendation for submission to the District Judge. This Order is not dispositive of any of Petitioner's claims.

Instead of filing a response to the Order to Show Cause, Petitioner may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a). **A blank form Notice of Dismissal is attached for Petitioner's convenience.** However, Petitioner is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 21-00504 CAS (PVC) | Date: February 8, 2021 |
| Title Victor Sterling v. State of California | |

cautioned that any dismissed claims may be deemed untimely if Petitioner seeks to assert them in a subsequent petition.

**Petitioner is expressly warned that the failure to respond to this Order to Show Cause by the Court's deadline will result in a recommendation that this action be dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

00:00<br>**Initials of Preparer**    mr